UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-61509-CIV-JORDAN/TORRES

FRANK J. TATE,

    Plaintiff,

vs.

UNITED STATES POSTAL
SERVICE, JOHN E. POTTER,
POSTMASTER GENERAL,

    Defendant.
_____ /

## ORDER ON PLAINTIFF'S MOTION T0 COMPEL DISCOVERY

This matter comes before the Court upon Plaintiff's Motion to Compel Discovery [D.E. 63] in which Plaintiff moves to compel Defendant provide better answers and responses to interrogatory and document production requests served in the case. Upon review of the Motion, the Defendant's Response [D.E. 65], and Plaintiff's Reply [D.E. 66], this matter is ripe for disposition. For the reasons that follow, the Motion is **GRANTED IN PART AND DENIED IN PART**. To the extent the Court is granting the Motion, supplemental responses shall be served within twenty (20) days of this Order unless otherwise agreed between the parties.

### I. BACKGROUND

This is an action for damages under Sections 501 and 504 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 791, 794, filed by a former employee of the United States Postal Service. Plaintiff claims that after being diagnosed with various ailments, including Crohn's Disease and chronic anemia, Plaintiff's ability to perform his duties was

compromised by a disabling condition. Plaintiff allegedly requested an accommodation from his employer in the form of a job re-assignment, which allegedly was denied. Plaintiff further alleges that after appealing that decision the Postal Service terminated his employment. Plaintiff's complaint seeks damages for failure to accommodate his disabilities and wrongful retaliation.

Plaintiff served both interrogatories and production requests on the Defendant, which Defendant responded to after obtaining agreements with Plaintiff's counsel to extend the time for the responses. Defendant did not file any motions with the Court seeking any extensions of time, and instead served responses to the interrogatories and production requests. Plaintiff argues that such responses are incomplete and require supplementation. Specifically, Plaintiff argues that any objections in the responses should be denied as having been waived, because Defendant did not timely file a motion with the Court to obtain the extensions of time requested, and further that the responses and objections are without merit.

## II.  ANALYSIS

Rule 26(b) of the Federal Rules of Civil Procedure defines the scope of discovery as including "any matter, not privileged, that is relevant to the claim or defense of any party" or, upon a showing of good cause, "any matter relevant to the subject matter involved. . . ." Even after the 2000 amendments to Rule 26, it is well established that courts must employ a liberal discovery standard in keeping with the spirit and purpose of the discovery rules. *Graham v. Casey's Gen. Stores,* 206 F.R.D. 251, 253 (S.D. Ind. 2002); *e.g., In re Theragenics Corp. Secs. Litigation,* 205 F.R.D. 631, 636-37 (N.D. Ga. 2002); *White v. Kenneth Warren & Son, Ltd.,* 203 F.R.D. 364, 366 (N.D. Ill. 2001). Accordingly, discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought has no possible bearing on the claims and defenses of the

parties or otherwise on the subject matter of the action. *Dunkin' Donuts, Inc. v. Mary's Donuts, Inc.,* No. 01-0392-Civ-Gold, 2001 WL 34079319 *2 (S.D. Fla. Nov. 1, 2001).

To sustain its objections in response to the pending motion to compel, the Defendant must, therefore, show that the requested discovery at issue has no possible bearing on the claims and defenses in this case. *See id.* (citing *Flora v. Hamilton,* 81 F.R.D. 576, 578 (M.D.N.C. 1978)); *Graham,* 206 F.R.D. at 254 ("The party opposing discovery has the burden of showing the discovery is overly broad, unduly burdensome, or not relevant."). This means that Defendant must show either that the requested discovery (1) does not come within the broad scope of relevance as defined under Rule 26 or (2) is of such marginal relevance that the potential harm occasioned by discovery would far outweigh the ordinary presumption in favor of broad disclosure. *Giardina v. Lockheed Martin Corp.,* 2003 WL 21276348 (E.D. La. May 30, 2003); *Gober v. City of Leesburg,* 197 F.R.D. 519 (M.D. Fla. 2000). On the other hand, even if requested discovery is relevant and subject to production, Defendant can seek to limit the discovery to the extent it is unreasonably cumulative or if it is obtainable from some other more convenient and less burdensome source. Fed. R. Civ. P. 26(b)(2).

Before addressing the requests at issue specifically, the Court notes that one issue raised in Plaintiff's motion is that Defendant waived all responses by not filing a motion for extension of time, despite the fact that Plaintiff had apparently agreed to such extension. In other words, Plaintiff argues that by not filing the motion, following the agreement of counsel, Defendant waived the right to the extension, thereby waiving all its objections.

Plaintiff is incorrect. Fed. R. Civ. P. 29 clearly provides that parties may stipulate, without Court order, for extensions of time that do not interfere with court-ordered deadlines. Indeed, this Court will often strike motions for enlargements of time that are

filed unnecessarily and not in accordance with Rule 29. Thus, by agreeing to the extension, as he should have, Plaintiff is bound to that agreement and cannot revoke his agreement because no motion was filed. No motion for extension of time should ever be filed when the parties are in agreement and a court-ordered deadline is not being compromised. The Court thus finds that the Defendant's responses, as agreed, were timely and no objections have been waived.

### A.      *Interrogatories at Issue*

#### *Interrogatory 1*

Plaintiff requested the name, address, telephone number, date of birth, social security number, place of employment and job title of any person who has, claims to have knowledge or information about the facts in the instant case. In response, Defendant identified the names, titles, place of employment at the United States Post Office, through agency counsel's address and phone number, but did not identify other personal information such as dates of birth and social security numbers and home addresses for its employees, based upon privacy concerns.

Defendant seeks to compel a more complete response, arguing that it is entitled to additional identifying information to locate the witnesses in the event they are no longer employed by the Defendant.

The Court finds that Defendant's objections are **SUSTAINED IN PART** and the Motion to Compel is **DENIED IN PART**. For any current Postal Service employee identified, no identification information must be provided other than a home address. The remaining information requested by Plaintiff does not have to be disclosed as no showing has been made, at this point, that such private information is necessary. In the event, however, that Plaintiff later has difficulty locating a witness, either directly or through the Defendant, then Plaintiff may renew its request to show that additional identifying

information is necessary and to provide Plaintiff with the ability to communicate with such person.

### *Interrogatory 7*

Plaintiff requested that the defendant identify each change in Plaintiff's position and duties and explain the basis and reason for each change. In response, Defendant advised that it had provided the Plaintiff's personnel file and labor files enumerated sequentially as documents 1 - 561. The materials provided were those the Postal Service maintained on the Plaintiff and his positions. From the records, Defendant argues that Plaintiff may find the information he requests.

The problem is, however, that under Rule 33 a party that relies on documents in response to an interrogatory must specifically identify what documents are being referred to as a substitute for a complete interrogatory answer. Therefore, Defendant shall either amend its response to do just that, or otherwise fully answer the interrogatory. Because the documents allegedly responsive to this interrogatory are so extensive, unlike others that follow, the Motion to Compel is **GRANTED**.

### *Interrogatory 8*

Plaintiff requested the identity of documents in Defendant's possession regarding the Plaintiff's condition. In response, Defendant stated that it had in its possession the Plaintiff's medical file from the agency and requested that Plaintiff sign a medical release authorizing Defendant to provide his medical information to his counsel.

The Motion is moot with respect to this interrogatory, as Plaintiff now advises that the medical authorization form was indeed provided. Plaintiff also requested that the Court overrule the objection in the response, but because there is no indication in that response that any documents were being withheld on the ground of objection, there is nothing to compel. If, during the deposition of Defendant's agency representative, it turns

out that additional documents existed that were not identified and/or produced in response to this interrogatory, Plaintiff may then move for appropriate sanctions. As it stands now, however, the Motion is **DENIED AS MOOT** with respect to this issue.

### *Interrogatory 11*

Plaintiff requested the identity of documents setting forth employment positions that were open from May 30, 2003 through February 2006 in Broward or Miami Dade counties that Plaintiff would have been qualified for, and for each that Defendant provide salary and benefit information for the person in each of those positions from May 30, 2003 to present. In response, Defendant produced copies of the vacancy announcements from the Postal Service for the open positions. The agency also responded that from the universe of open positions an applicant's qualifications are considered and evaluated with the knowledge, skills and abilities listed in the vacancy announcement. From the list of open positions, Plaintiff could review and identify the positions that he felt qualified to fill. Defendant represents that it noted the salary range and eligibility for each position vacancy announcement.

Plaintiff argues that the response was insufficient because the particular documents referenced in the response were not broken down specifically to each position and did not include the salary range for that position.

Without seeing the documents themselves, it is not entirely clear on this record whether the production is sufficient. If the documents were produced in the manner represented in Defendant's response, then there is no basis to compel further production. If, on the other hand, the documents produced did not include salary range information, then the production was insufficient. Plaintiff can raise this issue again with Defendant and work out an appropriate solution. If not, Plaintiff may renew its Motion together with

a motion for sanctions based upon the misrepresentation in Defendant's response. For now, the Motion is **DENIED WITHOUT PREJUDICE.**

### *Interrogatory 12*

Plaintiff's interrogatory sought an explanation as to why he was not reassigned after September 22, 2003. Defendant represents that it produced document showing that the District Reasonable Accommodation Committee (DRAC) found that the Postal Service was unable to find a supervisory position that did not require supervision duties to accommodate the plaintiff's medical restrictions.

Plaintiff takes issue with the response because it referred to certain documents and added that the investigation was continuing and that additional information would be provided. Plaintiff argues that this answer, three years later, is too evasive and incomplete.

The Court agrees. Defendant shall provide a sworn, definite, and factual statement from the agency that fully responds to the interrogatory. On such an important issue, Plaintiff is entitled to an answer with which to question other witnesses with knowledge in their depositions. And, a statement that the "investigation is continuing" is woefully lacking. The Motion is **GRANTED**.

### *Interrogatory 13 & 14*

Plaintiff in Interrogatory 13 sought an explanation why the plaintiff was demoted in October, 2005. In response, the defendant referred the plaintiff to a letter to him from Don Shandor, Manager, Distribution Operations, dated June 1, 2005, that states that Defendant did not have a supervisory position that did not require supervision duties to accommodate the plaintiff's medical restrictions.

Interrogatory 14 sought an explanation about why the plaintiff received his notice of removal in February, 2006. In its original response, Defendant produced a letter dated

February 7, 2006 from Joel Pelke, Manager Maintenance Operations, advising of the reasons that he was subject to removal within thirty days.

Upon review of the letters produced as responses to these interrogatories, the Court finds that for these limited purposes Defendant's answers are sufficient. Plaintiff takes issue with language in the responses that objects based upon the alleged lack of jurisdiction surrounding these issues, demotion and removal. The parties have argued the effect of caselaw with respect to that objection as it relates to Plaintiff's continuing violation argument. The Court finds that a ruling on these legal issues is unnecessary in connection with these interrogatory answers. The factual responses to the questions posed by the Plaintiff are clearly found in the correspondence cited. Therefore, whether or not Defendant's jurisdictional argument has merit is an issue should be addressed in a separate manner, and does not have to be addressed on a motion to compel better answers that are factually sufficient. The Motion is **DENIED** with respect to these two interrogatories.

### B.     *Production Requests at Issue*

#### *Second Request*

Plaintiff requested his complete personnel file, including any subfiles or other files relating to plaintiff at the postal facility. In response, Defendant provided a copy of the Plaintiff's personnel file. Plaintiff's motion argues that the file appears to be incomplete, to which Defendant responds that it is not. Based on this record, Defendant's representation that the production is complete is sufficient. During the depositions of Defendant's agency representatives, if the testimony shows that the file was in fact incomplete, Plaintiff can then move for appropriate sanctions. For now, the Motion is **DENIED**.

### *Fourth and Fifth Requests*

Plaintiff requested any and all documents related to duties assigned to him by the Defendant, as well as all documents related to Defendant's positions that were open in Miami-Dade and Broward Counties for a relevant time period. In response, Defendant produced documents responsive to the requests and represents that they are complete. Again, Plaintiff takes issue with the scope of the documents produced, arguing that additional documents should have been found. The Motion is **DENIED** for the reasons set forth above and subject to the right of Plaintiff to move for sanctions in the event he can make a showing that the representation was inaccurate.

### *Sixth Request*

Plaintiff requested "any and all documents" related to positions that Defendant filled in Broward and Miami-Dade counties from May 27, 2003 through February, 2006. In response, Defendant objected based on the request being overly broad and burdensome, as the agency counsel had advised that the information was not easily available in digital form, and that the request as worded would have required a time-consuming manual search through thousands of files and documents. In his motion to compel, Plaintiff agreed that his initial request was overly broad and agreed to modify its scope. The Court finds, however, that even the modification is still overly broad and would require production of documents that are not reasonably necessary in light of the issues raised in this case. Furthermore, even if all these documents were relevant, the burden on Defendant to locate all these documents greatly outweighs their relevance. The objection to the request is **SUSTAINED** and the Motion is **DENIED**. Plaintiff can, however, propound a much narrower request after obtaining other discovery in the case with which to show that the narrowed request is relevant and not unduly burdensome.

### *Seventh Request*

Plaintiff requested the salary history for all positions filled by the defendant in Broward and Miami-Dade counties from May 23, 2003 through February, 2006, and Defendant represents that it produced the vacancy announcements for those positions that include the salary ranges and requisite qualifications. The Court finds that such production, as represented, is sufficient to comply with the request. With respect to Plaintiff's argument that only a "salary history" be provided, Defendant objected as being overbroad and irrelevant. The Court notes that it is not entirely clear what a salary history would be, or whether Defendant maintains a document or data compilation that would contain such a history. In any event, Plaintiff does not show why the information already provided would not be sufficient for the limited ways in which Plaintiff could use that information in this case. Perhaps as discovery further develops in the case, Plaintiff will be able to show that additional salary information is required. On this record, Plaintiff has not made that showing. For now, the objection to the request is **SUSTAINED** and the Motion is **DENIED**.

### *Eighth Request*

Plaintiff requested any and all correspondence by or between Defendant, its agents, or attorneys, and the Plaintiff with respect to the facts raised in this lawsuit. In response, Defendant initially objected but also produced correspondence that was included in the official personnel file and its other personnel-related files. Plaintiff takes issue with this response but fails to articulate how the documents produced were not responsive. To the extent Plaintiff wants a representation from Defendant that no other correspondence has been located, that is reasonable and Defendant shall provide it. Otherwise, the Motion is **DENIED**.

### *Tenth Request*

Plaintiff requested any documents regarding light duty assignments made in Broward and Miami-Dade counties from May 27, 2003 through February, 2006. In response, Defendant represented that no such cumulative record is maintained by the Postal Service. Plaintiff argues that this response is evasive and non-responsive. The Court disagrees as there is no requirement under Rule 34 that a party create documents for litigation purposes and, otherwise, the request would be grossly overbroad. Perhaps the Plaintiff is really going after a list of persons employed by the Defendant during the relevant times who received some type of recognized medical accommodation, which might be relevant and not burdensome. In the way that this request is worded, however, the response is sufficient and the Motion is **DENIED**.

### *Eleventh Request*

Plaintiff requested documentation showing settlements or verdicts involving the Defendant in Rehabilitation Act cases from May, 2003 through August, 2006. Defendant objected to the request as being overly broad and burdensome, arguing that the United States Postal Service is a large agency throughout the entire United States. The motion to compel then limited the request to settlements or verdicts in Broward and Miami-Dade Counties. In response to that limitation, Defendant argues that the Postal Service does not maintain such records. The problem with that response is that the settlements or verdicts themselves would, of course, be responsive to the request. And if a settlement or verdict was obtained during the relevant time period and the narrowed geographic location, then Defendant should have possession of such a document. Therefore, the objection to the more limited request is **OVERRULED** and the Motion is **GRANTED**. The

Defendant shall either represent that no such settlements or verdicts exist or, otherwise, produce the operative documents in its possession that relate to such settlement or verdicts.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 14th day of February, 2007.

_____
EDWIN G. TORRES
United States Magistrate Judge